# UNITED STATES DISTRICT COURT

FILED/REC'D

2025 OCT 10 ∧ 10: 37

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

## WESTERN DISTRICT OF WISCONSIN

**Jason Reiter**
Plaintiff,

v.

**Eau Claire County Sheriff's Department**;
**Deputy Owen** (in his individual and official capacities);
**Eau Claire District Attorney's Office**; and
**Danny Garcia** (in his individual and official capacities),

Defendants.

Case No. _25-cv-840-jdp_

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

---

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress violations of the Plaintiff's rights secured by the Constitution of the United States, including the Fourth and Fourteenth Amendments.

---

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because the claims arise under the Constitution and laws of the United States.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Eau Claire County, Wisconsin, which is within the Western District of Wisconsin.

---

## III. PARTIES

4. Plaintiff **[Jason Reiter]** is a resident of Eau Claire County, Wisconsin.

5. Defendant **Eau Claire County Sheriff's Department** is a county law enforcement agency responsible for the policies, practices, supervision, training, and conduct of its deputies and employees, including Defendant Deputy Owen.
6. Defendant **Deputy Owen** is and was at all relevant times a law enforcement officer employed by the Eau Claire County Sheriff's Department. He is sued in his individual and official capacities.
7. Defendant **Eau Claire District Attorney's Office** is the prosecutorial agency for Eau Claire County and is responsible for the policies, supervision, and practices of its prosecutors, including Defendant Danny Garcia.
8. Defendant **Danny Garcia** was, at all relevant times, the District Attorney for Eau Claire County. He is sued in his individual and official capacities.

## IV. FACTUAL ALLEGATIONS

9. On or about **February 4, 2023**, Plaintiff was arrested by Defendant **Deputy Owen** without a warrant and without probable cause.
10. At the time of the arrest, Plaintiff had committed no crime, and there was no reasonable basis to believe that Plaintiff had committed any offense.
11. Defendant **Eau Claire County Sheriff's Department** failed to adequately train, supervise, and discipline its deputies, including Deputy Owen, resulting in the unlawful arrest of Plaintiff in violation of his Fourth Amendment rights.
12. Following the arrest, Defendant **Eau Claire District Attorney's Office** and Defendant **Danny Garcia**, acting under color of state law, initiated and continued criminal prosecution against Plaintiff despite having **video evidence that clearly exonerated Plaintiff**.
13. Defendant Garcia's actions constituted **malicious prosecution**, undertaken without probable cause and motivated by improper purposes.
14. As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, emotional distress, reputational harm, and other damages.

**Video/Audio Evidence Ignored:**
Immediately upon Plaintiff's unlawful arrest on or about February 4, 2023, both the Eau Claire County Sheriff's Department and the Eau Claire County District Attorney's Office were made aware of exculpatory video and audio evidence. This evidence contained statements by the alleged victim explicitly admitting her intent to be "vindictive" against Plaintiff following her departure from his home, insinuating a threat to pursue false criminal charges. Despite being in possession of this critical evidence demonstrating the falsity and malicious nature of the accusations, Defendants continued to prosecute Plaintiff.

The District Attorney's Office went so far as to file a motion to exclude this exculpatory evidence from trial on the basis that it was "not probable." The trial judge rejected that argument and ruled the evidence admissible. Within four days of the court's ruling allowing the evidence, the District Attorney's Office voluntarily

dismissed all charges against Plaintiff, demonstrating that the prosecution was baseless from the outset.

**Reputational and Financial Harm:**
As a direct and foreseeable result of Defendants' unlawful actions, Plaintiff suffered substantial reputational harm within his professional community. Allegations from the baseless prosecution were disseminated online, leading to public defamation, harassment, and the loss of professional opportunities. Plaintiff was compelled to retain a public relations firm to mitigate the damage and clear his name, incurring out-of-pocket expenses of approximately $600.

## V. CLAIMS FOR RELIEF

### COUNT I – Unlawful Arrest (Fourth Amendment)

(Against Deputy Owen and Eau Claire County Sheriff's Department)

15. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.
16. Defendant Deputy Owen, acting under color of state law, violated Plaintiff's Fourth Amendment rights by arresting him without a warrant and without probable cause.
17. Defendant Eau Claire County Sheriff's Department is liable under **Monell v. Department of Social Services**, 436 U.S. 658 (1978), for its failure to train, supervise, and discipline deputies, which was the moving force behind the constitutional violations.

### COUNT II – Malicious Prosecution (Fourteenth Amendment – Due Process)

(Against Danny Garcia and Eau Claire District Attorney's Office)

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.
19. Defendant Garcia, acting under color of state law, violated Plaintiff's Fourteenth Amendment rights by initiating and continuing criminal proceedings against Plaintiff without probable cause and despite evidence of Plaintiff's innocence.
20. Defendant Eau Claire District Attorney's Office is liable for policies, customs, or practices that resulted in malicious prosecution and deprivation of due process.

## VI. DAMAGES

21. As a result of Defendants' actions, Plaintiff suffered significant injuries, including but not limited to unlawful detention, emotional distress, reputational damage, financial harm, and loss of liberty.

22. Plaintiff seeks $30,000,000 (thirty million dollars) for compensatory damages, punitive damages, costs of this action, and any other relief the Court deems just and proper.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against all Defendants;
b. Award punitive and compensatory damages against individual defendants for their malicious and reckless conduct in the amount of $30,000,000 (thirty million dollars);
c. Award costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and
d. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Jason Reiter**
Plaintiff, Pro Se
824 Kari Drive
Eau Claire, WI 54701
715-760-7605
jayreiter13@gmail.com
Date: ___9/30/2025_____