IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JASON REITER,

Plaintiff,

v.

DEPUTY OWEN and BRANDON RING,

Defendants.

ORDER

25-cv-840-jdp

Plaintiff Jason Reiter, proceeding without counsel, alleges that he was unlawfully arrested and prosecuted in a domestic-abuse case without probable cause. I granted him leave to proceed on Fourth Amendment false arrest and malicious prosecution claims against defendants Deputy William Owen and Sergeant Brandon Ring of the Eau Claire County Sheriff's Department. Dkt. 5 and Dkt. 16.

Reiter seeks to amend his complaint a second time to add Deputy Michael Olson as a defendant, alleging that Olson was directly involved with Owen and Ring in baselessly arresting Reiter and pursuing his prosecution. I will allow Reiter to proceed on false arrest and malicious prosecution claims against Olson for the same reason that I allowed him to proceed with those claims against the other defendants.

Reiter also seeks to add a new claim to the case: that defendants unreasonably entered Reiter's locked place of business without a warrant to arrest him. Defendants oppose this portion of Reiter's motion, in part because of Reiter's piecemeal approach to amending his complaint.[1] But given Reiter's pro se status and Federal Rule of Civil Procedure 15(a)(2)'s

[1] Reiter moves for leave to file a reply to defendants' response, Dkt. 29, which I will grant; I will consider his reply.

directive that I must "freely give leave when justice so requires," that isn't a reason to deny him leave.

Defendants also argue that Reiter's proposed amended is futile because he has pleaded himself out; they contend that Reiter cannot state a claim for warrantless entry because he alleges that defendants entered Reiter's business only after the complainant gave them the access code for the keypad locking the entrance and told the officers that she was an employee there. But that's not what the complaint says. Rather, Reiter alleges that police reports stated that the complainant told them that she was an employee. But Reiter also says that this isn't supported by any underlying evidence and that the complainant wasn't actually an employee. Thus I take him to be asserting that defendants lied about having an employee's permission to enter the locked premises. I will allow Reiter to proceed on a Fourth Amendment claim about this aspect of the events.

Defendants Owen and Ring have already filed a motion for summary judgment. I will give them a short time to explain whether counsel will also be representing defendant Olsen. After their response I'll set a new schedule for Olsen to seek summary judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff Jason Reiter's motion for leave to file a reply supporting his motion to amend his complaint, Dkt. 29, is GRANTED.

2. Plaintiff's motion for leave to amend his complaint, Dkt. 24, is GRANTED.

3. Plaintiff is now GRANTED leave to proceed on Fourth Amendment warrantless entry, false arrest, and malicious prosecution claims against defendants William Owen, Brandon Ring, and Michael Olsen.

4. The clerk of court is directed to add defendant Olsen to the caption.

5. Counsel for defendants may have until November 30, 2026, to inform plaintiff and the court whether they will be representing defendant Olsen.

Entered November 13, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge